**Jing Zhu JIN, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

No. 04–70984.

Agency No. A78–361–483.

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2005.\*\*

Decided April 7, 2005.

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Charles J. Kinnunen, Esq., Hagatna, GU, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mary Jane Candaux, Esq., Anh–Thu P. Mai, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before KOZINSKI, HAWKINS and CLIFTON, Circuit Judges.

## MEMORANDUM ***

Jing Zhu Jin, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review an adverse credibility finding for substantial evidence and will uphold the decision unless the evidence compels a contrary conclusion. *See Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir.2004). We deny the petition for review.

Substantial evidence supports the BIA's and IJ's decisions. Jin's testimony conflicted with his application regarding whether he was arrested, and his applica-

*** This disposition is not appropriate for publication and may not be cited to or by the

tion and statement omitted his arrest and detention, his wife's demotion, and that his brother was confined and fired for assisting Jin. *See Berroteran–Melendez v. INS,* 955 F.2d 1251, 1256–58 (9th Cir.1992); *see also Wang v. INS,* 352 F.3d 1250, 1259 (9th Cir.2003) ("[s]o long as one of the identified grounds is supported by substantial evidence and goes to the heart of [petitioner]'s claim of persecution, we are bound to accept the IJ's adverse credibility finding").

Because Jin failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Jin's contention that the record was not adequately translated fails because we cannot conclude "that a better translation would have made any difference in the hearing's outcome." *See Singh,* 367 F.3d at 1144.

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**